UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MARK ANDREW MALONE, <br><br> Plaintiff, <br><br> v. <br><br> PLANET HOME LENDING; MICHAEL DUBEK; GRAYSTONE MORTGAGE; and KIP V. MYERS, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DOC. NO. 45)** <br><br> Case No. 2:25-cv-00944 <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Mark Andrew Malone brought this action against Planet Home Lending, Michael Dubek (Planet's CEO), Graystone Mortgage, and Kip V. Myers (Graystone's CEO), asserting claims relating to the foreclosure of his home.[1]  After the defendants moved to dismiss the operative amended complaint,[2] Mr. Malone moved for leave to file a second amended complaint.[3]  Mr. Malone seeks to amend his claims against the existing defendants and to add new defendants.  The defendants oppose the motion, arguing the proposed amendment is unduly delayed, futile, and unfairly prejudices them.[4]

---

[1] (*See* Compl., Doc. No. 1; Am. Compl., Doc. No. 29.)

[2] (*See* Doc. Nos. 33 & 34.)

[3] (Mot. for Leave to File Second Am. Compl., Doc. No. 45.)

[4] (Planet Defs.' Opp'n, Doc. No. 48; Graystone Defs.' Opp'n, Doc. No. 51.)  The Defendants' opposition merely incorporates by reference the arguments in the Planet Defendants' opposition.

Because none of the factors justifying denial of leave to amend are present, Mr. Malone's motion to amend is granted.

## BACKGROUND

Mr. Malone filed this case without an attorney in October 2025.[5] Both sets of defendants moved to dismiss,[6] and Mr. Malone moved for leave to file an amended complaint.[7] Because no defendant opposed the motion to amend, the court granted it and docketed the amended complaint on February 11, 2026.[8]

In his amended complaint, Mr. Malone alleges Graystone was the originating lender on his VA-guaranteed mortgage loan.[9] Graystone transferred the loan to Planet, and Planet eventually foreclosed on Mr. Malone's home.[10] Mr. Malone alleges the defendants violated federal and state law in servicing the loan, foreclosing on the home, and preventing him from exercising his right of redemption after the foreclosure.[11] He asserts claims under the Real Estate Settlement Procedures Act (RESPA), the Fair

---

[5] (*See* Compl., Doc. No. 1.)

[6] (Doc. Nos. 11 & 22.)

[7] (Doc. No. 24.)

[8] (Am. Compl., Doc. No. 29.)

[9] (*Id.* at 5.)

[10] (*Id.*)

[11] (*Id.*)

Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), and Utah state law.[12]  He seeks declaratory and injunctive relief and damages.[13]

The Planet Defendants filed another motion to dismiss, arguing: (1) the amended complaint fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, (2) it fails to state a plausible claim for relief, and (3) claim preclusion bars Mr. Malone's claims, based on a case Mr. Malone brought in state court before the foreclosure.[14]  In the alternative, the Planet Defendants ask the court to order Mr. Malone to provide a more definite statement under Rule 12(e).[15]  The Graystone Defendants filed a motion to dismiss, incorporating the Planet Defendants' arguments by reference, and arguing the amended complaint contains only conclusory allegations against Graystone.[16]

Mr. Malone then moved for leave to file a second amended complaint on April 10, 2026.[17]  The proposed second amended complaint adds four new defendants who Mr. Malone alleges were involved in the October 2025 foreclosure sale, including the

---

[12] (*Id.* at 10–12.)

[13] (*Id.* at 13.)

[14] (Planet Home Lending CEO Michael Dubeck's Mot. to Dismiss Pl.'s First Am. Compl. or, in the Alternative, Mot. to Strike & Mem. (Planet Defs.' MTD) 4–12, Doc. No. 33.) The motion also includes a request to strike the amended complaint under Rule 12(f). (*Id.* at 11–12.)

[15] (*Id.* at 12–13.)

[16] (Def. Graystone Mortgage CEO Kipp V. Myers' Mot. to Dismiss Pl.'s First Am. Compl. or, in the Alternative, Mot. to Strike (Graystone Defs.' MTD), Doc. No. 34.)

[17] (Mot. for Leave to File Second Am. Compl., Doc. No. 45.)

trustee and purchaser.[18]  The proposed pleading also removes some claims, adds new claims, and identifies which claims are asserted against which defendants.  This includes removing the FCRA claims, adding claims under the Truth in Lending Act (TILA) and VA regulations against the Graystone Defendants; and removing other federal claims against the Graystone Defendants.[19]  The proposed pleading also includes new allegations supporting the RESPA and FDCPA claims, and a new claim under the Sherman Antitrust Act against the Planet Defendants and the proposed new defendants.[20]  Mr. Malone also reasserts state law claims against various defendants.[21]

## LEGAL STANDARDS

Under Rule 15 of the Federal Rules of Civil Procedure, unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[22]  Rule 15 instructs courts to "freely give leave when justice so requires."[23]  The purpose of this rule is "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[24]  "Refusing leave to amend is generally only justified upon a

---

[18] (*See* Proposed Second Am. Compl. ¶¶ 9–12, Doc. No. 45-1.)

[19] (*See id.* at 15–20.)

[20] (*See id.* at 15–16, 19–22.)

[21] (*See id.* at 17–21.)

[22] Fed. R. Civ. P. 15(a)(2).

[23] *Id.*

[24] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[25]  Prejudice to the opposing party is the "most important" factor in deciding whether to permit amendment.[26]

Because Mr. Malone proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[27]  But pro se parties must still "follow the same rules of procedure that govern other litigants."[28]

## ANALYSIS

The defendants argue Mr. Malone's motion to amend should be denied based on three factors: undue delay, futility, and undue prejudice.[29]  As explained below, none of these factors justify denying leave to amend here.

First, the defendants argue the motion to amend is unduly delayed because Mr. Malone knew of the proposed new defendants' identities in November 2025—when he received a trustee's deed identifying the trustee and purchaser.[30]  Mr. Malone disputes

---

[25] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

[26] *Minter*, 451 F.3d at 1207.

[27] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[28] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[29] (*See* Planet Defs.' Opp'n 3–6, Doc. No. 48.)  Because the Graystone Defendants' opposition merely incorporates the Planet Defendants' arguments, this order cites the Planet Defendants' opposition in referencing the defendants' arguments.

[30] (*Id.* at 4.)

this, arguing he did not discover the trustee's role or the purchaser's identity until after he filed his first amended complaint in February 2026.[31]   But even assuming this information was available to Mr. Malone in November 2025, this does not demonstrate undue delay.   This case is still in its initial stages, and the court has not yet entered a scheduling order or set a deadline for moving to amend pleadings or add parties.   Under these circumstances, a five-month delay in moving to add new defendants is not unreasonable.   Further, in his proposed second amended complaint, Mr. Malone tries to address deficiencies the defendants identified in their pending motions to dismiss—and he moved to amend about six weeks after those motions were filed.[32]   Given the early stage of the case, this does not constitute undue delay.

Next, the defendants argue the proposed second amended complaint is futile.   "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[33]   The defendants contend certain claims in the proposed pleading are subject to dismissal for the reasons argued in the Planet Defendants' motion to dismiss.[34]   Specifically, the defendants argue the proposed pleading fails to state a claim for violations of FDCPA or RESPA, breach of contract, or interference with redemption rights.[35]   But the proposed pleading includes causes of action which were

---

[31] (*See* Reply 2–3, Doc. No. 51.)

[32] The defendants filed their motions to dismiss on February 25, 2026, and Mr. Malone filed the motion to amend on April 10, 2026.

[33] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted).

[34] (Planet Defs.' Opp'n 5, Doc. No. 48.)

[35] (*Id.*)

not addressed in the motion to dismiss—including claims under TILA and the Sherman Antitrust Act.[36]  The defendants offer no argument regarding the futility of these new claims.  Accordingly, the defendants have not demonstrated the proposed amended complaint is futile.

Finally, the defendants argue the proposed amendment unduly prejudices them because it is Mr. Malone's second attempt to amend his pleadings, making the complaint a "moving target."[37]  They claim each of Mr. Malone's pleadings is "completely different" from the last, and further amendment would "expand the case with new parties and theories without a demonstrated basis."[38]

To cause undue prejudice, a proposed amendment must "unfairly affect[] the defendants in terms of preparing their defense to the amendment."[39]  Undue prejudice can result "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[40]  And courts will properly deny a motion to amend "when it appears that the plaintiff is using Rule 15 to

---

[36] (*See* Proposed Second Am. Compl. 16–17, 21–22, Doc. No. 45-1.)

[37] (Planet Defs.' Opp'n 5–6, Doc. No. 48.)

[38] (*Id.* at 6.)

[39] *Minter*, 451 F.3d at 1208 (internal quotation marks omitted).

[40] *Id.*

make the complaint a moving target."[41]  But the fact that a defendant may have more claims to defend against does not, alone, create undue prejudice.[42]

The defendants have not shown Mr. Malone's proposed amendment will unduly prejudice them.  In their motions to dismiss, the defendants argued the amended complaint failed to provide adequate notice of Mr. Malone's claims under Rule 8, and they requested (in the alternative) that Mr. Malone be required to provide a more definite statement of his claims.[43]  Among other deficiencies, they noted Mr. Malone made collective allegations and claims against all defendants instead of specifying the alleged wrongful conduct by each defendant.[44]  Mr. Malone has made an effort to address this deficiency in his proposed pleading, by specifying which claims he asserts against which defendants and making separate allegations regarding each defendant's conduct.  In essence, Mr. Malone has provided the more definite statement the

---

[41] *Id.* at 1206 (internal quotation marks omitted).

[42] *See Boulder Falcon, LLC*, No. 2:22-cv-00042, 2022 U.S. Dist. LEXIS 139309, at *13 (D. Utah Aug. 3, 2022) (unpublished) ("[E]ven if the [] Defendants are eventually required to defend against new claims, that may rise to the level of 'disappointing' but does not rise to the level of 'prejudice.'"); *Orchestrate HR, Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, No. 19-cv-4007, 2021 U.S. Dist. LEXIS 114180, at *9 (D. Kan. June 18, 2021) (unpublished) ("That [d]efendant may have more claims to defend does not establish the requisite prejudice."); *Jarboe v. Cherry Creek Mortg. Co.*, No. 19-cv-01529, 2020 U.S. Dist. LEXIS 157277, at *10–11 (D. Colo. Aug. 28, 2020) (unpublished) ("[T]he 'prejudice' which arguably results from having to defend a lawsuit is not deemed to be 'undue' prejudice.").

[43] (Planet Defs.' MTD 12–13, Doc. No. 33; Graystone Defs.' MTD 1, Doc. No. 34 (incorporating by reference the Planet Defendants' motion).)

[44] (Planet Defs.' MTD 4–5, Doc. No. 33; Graystone Defs.' MTD 2, Doc. No. 34 (arguing the amended complaint was "devoid of any specific action that Graystone engaged in").)

defendants asked for.  Permitting this amendment will allow Mr. Malone the maximum opportunity for his claims to be decided on the merits.[45]

Further, the fact that Mr. Malone also adds new claims and defendants is not unduly prejudicial at this early stage of the case.  The new claims appear to arise out of the same subject matter as the prior complaints, and the defendants have not demonstrated any unfair impact on their ability to present a defense.  While the court will not permit unlimited amendments, the number of amendments to this point (two) is not excessive and does not justify denial of the motion to amend.

In sum, none of the factors justifying denial of leave to amend are present here, and justice requires leave to amend be granted.

## CONCLUSION

Mr. Malone's motion for leave to file a second amended complaint[46] is granted. The court clerk shall refile Mr. Malone's proposed pleading (docket number 45-1) on the docket as the Second Amended Complaint, with the attachments (docket numbers 45-2 and 45-3).  The defendants who have appeared shall have twenty-one days to respond to it.

DATED this 2nd day of July, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[45] *See Minter*, 451 F.3d t 1204 (noting the purpose of Rule 15 is "to provide litigants the maximum opportunity for each claim to be decided on its merits" (internal quotation marks omitted)).

[46] (Doc. No. 45.)

9